UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMEMECKA SANDERS, ET AL.                                    Plaintiffs

v.                                                Civil Action No. 3:22-cv-668-RGJ

UNITED STATES OF AMERICA                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Jamemecka Sanders ("Sanders") moved this court to approve minor's settlement. [DE 52]. Defendant United States of America ("Defendant") does not oppose Sander's motion. [DE 53]. For the reasons below, the motion is **GRANTED**.

### I.   BACKGROUND

Sanders, as the Administrator of the Estate of Down Sanders, and as parent and next friend of Down Sander's minor child A.M.S., have claims against Defendant for (1) Down Sanders's estate's claim for wrongful death, (2) Sanders's individual claim for loss of consortium of her husband, and (3) A.M.S.'s individual claim for loss of consortium for his father. [DE 52 at 211-12]. Now pending before the Court is Sander's Motion to Approve Minor Settlement (the "Motion"). [DE 52].

### II.   STANDARD

The Motion asks the Court to approve the proposed apportionment of the settlement to Plaintiffs' counsel and the parties. Generally, it is neither required nor appropriate for the Court to approve settlement agreements. *Gilstrap v. Sushinati LLC*, No. 1:22-CV-434, 2024 WL 2197824, at *8 (S.D. Ohio May 15, 2024) citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995). But because this case asserts federal claims in a federal

forum and the parties' settlement involves a minor, the Court has a duty under Sixth Circuit authority to "ma[k]e an independent determination that the settlement[s]" is in the minor's "best interest." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). Accordingly, the Court must determine whether the proposed settlement is in the minor child's best interest. In doing so, the court must consider the reasonableness of the attorney fees provided for in the settlement terms. *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988).

### III. ANALYSIS

Sanders's Motion sets forth the amount of the settlement, how the settlement funds will be distributed, and attaches the settlement agreement for the Court's review. [DE 52]. First, 25% of the gross total settlement will be paid to Sanders's counsel. [DE 52-3 at 219]. Then expenses will be deducted. [*Id.*] And 46.25% of the remainder will be paid to A.M.S, which is 45% of the remainder of the settlement for the loss of consortium plus one-eighth of the Estate's payment. [*Id.*]. The rest of the remainder will be split with seven-eighths of the 10% given to the Estate, and 45% given to Sanders for her loss of consortium claim. [*Id*].

This case has been pending since 2022 and involved a wrongful death and medical malpractice case arising from the medical care Down Sanders received as patient at the veteran's facility in Fort Knox, Kentucky. [DE 23-1 at 111]. The Court has reviewed the parties' pleadings and the record. Discovery had commenced between the parties, Sanders took the deposition of Dr. Jill Byers, and the parties participated in a settlement conference. Considering the record, the apportionments under the settlement agreement, including the 25% attorneys' fees and case expenses, appear reasonable. Thus, the agreement is in the A.M.S.'s best interest.

## CONCLUSION

Accordingly, the reasons stated above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the parties' Motion to Approve Minor Settlement [DE 52] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the **ACTIVE DOCKET.**

The parties shall tender an agreed order dismissing this case with prejudice within forty-five (45) days of entry of this Order. The Court will entertain a motion to redocket this action upon application to this Court within forty-five (45) days from entry of this Order if the settlement is not consummated.